{¶ 6} Propinquity is not proof. *Page 4 
 {¶ 7} There was no proof.
 {¶ 8} The trial court convicted Jones on the pure possibility that he knew the cocaine was in a closed compartment in a vehicle he did not own and had been a passenger in for only a short time.
 {¶ 9} Neither Officer Scott nor Officer Kroger viewed Jones make any furtive movements or attempts to hide the cocaine. Other than being seated near the cocaine, Jones was not connected to it in any way. He had not acted suspiciously, and neither officer had seen Jones have contact with the compartment containing the drug.
 {¶ 10} According to the majority's own quotation, the legislature has specifically forbidden conviction on these facts. "`Possess' or `possession' means having control over a thing or substance, but may notbe inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."[5] (Emphasis added.)
 {¶ 11} The majority justifies its affirmance of this travesty by stating that Jones possessed the cocaine because he "could easily have rested his arm on the compartment in which it was found, and he could have easily placed the cocaine in the compartment." Could have is not consistent with beyond a reasonable doubt. He could have put it there?
 {¶ 12} The magistrate, in inexplicably finding Jones delinquent, even opined, "And it might be a case of, let's say, being in the wrong place at the wrong time, but from a technical point of view, the prosecutor has proven his case."
 {¶ 13} I have heard of being acquitted on a technicality, but this is the first time I have seen someone convicted on a technicality. The magistrate then went on *Page 5 
to tell Jones that he "would not have found [himself] in the situation if [he] had been home." True, or on Mars.
 {¶ 14} The case comes down to the fact that Jones was near a closed compartment containing drugs. From there, the majority speculates that he knew that the cocaine was in the closed compartment, then conjectures that he had "control" over what he might or might not have known was there. And because he was out too late, that seems to be an additional incriminating factor. These are not even reasonable inferences, and even if they were, they are built on each other, another line of reasoning specifically prohibited, both in logic and in law.[6]
 {¶ 15} The whole case is simply speculation, followed by conjecture, followed by inference of guilt. Has "beyond a reasonable doubt" left the county?
 {¶ 16} We should reverse Jones's adjudication.
[5] R.C. 2925.01(K)
[6] Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329,130 N.E.2d 820, paragraph one of the syllabus. *Page 1